## HAMPTON vs. POOL.

A decree for damages in a bill filed for indemnity by a vendor against his warrantor. is premature, notwithstanding the eviction of the vendee, it not appearing that the vendor has been actually damnified ; he is only entitled to be secured against future loss by his warrantor.

In Equity, in Baker Superior Court. Tried before Judge ALLEN, May Term, 1859.

This was a bill originally filed by Geo. W. Pool against James D. Hampton, to recover the purchase money paid for half of a lot of land sold by Hampton to complainant, and from which he had been evicted by paramount title. Geo. W. Pool dying, pending the suit, David Pool was appointed his administrator, and the cause proceeded in his name.

The bill states that defendant, as trustee of his children, sold and conveyed said land to complainant in 1853, for the sum of $825, and executed a deed therefor warranting the title, and that complainant went into possession and made considerable improvements thereon. That ejectment suits were instituted against complainant, and one Littleton S. Phipps, who was in possession of the other half of the same lot, for the recovery of said land. That pending suit against complainant, he sold his half of said lot for $875, and executed to the purchaser a conveyance warranting the title.

The bill further states that afterwards, at Nov. Term, 1856, plaintiffs, in the ejectment cause against Phipps, had a verdict in their favor—their recovery being based upon a grant from the State for the whole lot. That the suit against complainant involves the same questions and

titles, and his suit is now pending on the appeal, and if said suit is decided against him he would be liable for a considerable amount for mesne profits, as well as for damages to his vendee for breach of warranty.

The bill further states that defendant is preparing and intends to leave the State and to remove his property, which he holds as trustee, and prays that a writ of *ne exeat* may issue, &c.

Defendant filed his answer, admitting that he sold the land to complainant as stated in the bill for $825, and that he went into possession. He admits that suit has been commenced against complainant for said land and was pending at the time the bill was filed; admits that complainant has sold the premises, but avers that the purchaser had notice of the suit and that the titles were in dispute, and submits that said purchaser, as well as the children of defendant, for whom, as trustee, he sold said lands, should be made parties to the bill; avers that he thought at the time he sold that his title was good; admits that he was about removing to Florida when said bill was filed against him, and has since removed to that State.

The case coming on for trial, defendant moved to dismiss the bill for want of equity, for want of proper parties, and because complainant had ample and complete remedy at law.

The court refused the motion and defendant excepted.

Upon the trial, complainant, amongst other things, offered in evidence the record of the ejectment cause against him, showing that since the filing of the bill, said land had been recovered, and his vendee ejected. To which testimony defendant objected, on the ground that said record was not evidence in this case; that especially, so much thereof as contained matter which had transpired since the filing of the bill, was inadmissible. The court

overruled the objection and admitted the entire record, and defendant excepted.

The jury found for complainant $825 00, with interest thereon since the date of the purchase from defendant.

And defendant thereupon tenders his bill of exceptions and assigns error.

J. E. BOWER, for plaintiff in error.

JNO. LYON, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

We think the case made by the bill and proof did not authorize a decree for damages. Pool has not yet been injured. True, he is in peril, and is entitled to the security which he prays for in his bill, still, until he accounts with Cox, he cannot recover damages of Hampton. With this exception, we see no error to correct in the record.